**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TOBIAS PARTNERS, L.P.,

              Plaintiff-Appellant,

v.

CITY OF LOS ANGELES, et al.

              Defendant-Appellees.

No.   16-56174

D.C. No.
2:14-cv-09176-GW-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 4, 2017
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and PIERSOL,[**] District
Judge.

      Tobias Partners (Tobias), a limited liability company, appeals from the

district court's summary judgment in its 42 U.S.C. § 1983 action alleging due

process violations and a wrongful taking arising from the City of Los Angeles's

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Lawrence L. Piersol, United States District Judge for
the District of South Dakota, sitting by designation.

(the City) application of its Rent Escrow Account Program (REAP).  Tobias brought this action for damages allegedly sustained as the result of the Los Angeles Housing Department's (LAHD's)[1] failure to provide an impartial hearing officer in the administrative appeal that challenged the City's placement of one of Tobias's properties in REAP and the corresponding rent reduction imposed on the rental units on that property.  For the reasons set forth herein, we affirm the district court's summary judgment order in favor of the City.

Tobias argues that the City is liable under § 1983 because a city policymaker, the Rent Adjustment Commission (RAC) Appeals Board, ratified the unconstitutional hearing.  The district court did not answer the question of who the final policymaker is under the Los Angeles Municipal Code (LAMC).   However, the result would be the same no matter whether RAC or the RAC Appeals Board had final policymaking authority.

Even examining the facts in the light most favorable to Tobias, it has, at most, provided evidence that the RAC Appeals Board did not overrule a decision by the hearing officer to put the property in REAP.  Although Tobias has offered evidence that the RAC Appeals Board knew of Tobias's objections to the hearing

---

[1] The LAHD has since been renamed the Housing and Community Investment Department.

officer, Tobias fails to offer evidence that the RAC Appeals Board did not consider all of the facts and circumstances of the hearing, as well as the state of the property, or that the Board clearly erred in concluding that the hearing officer's decision should be upheld. The district court did not err in finding insufficient evidence for a reasonable jury to find that the City's policymaking body made a deliberate choice to approve the assignment of a biased administrative appeal hearing officer such that the City may be held liable under 42 U.S.C. § 1983.

Tobias separately argues that the City is liable because it acted with deliberate indifference by not adopting a policy to remove biased hearing officers. "To impose liability against a municipality for its failure to act, a plaintiff must show: (1) that a [municipal] employee violated the plaintiff's constitutional rights; (2) that the [municipality] has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights." *Long v. Cty. of L.A.*, 442 F.3d 1178, 1186 (9th Cir. 2006). A "lack of affirmative policies or procedures to guide employees can amount to deliberate indifference, even when the [municipality] has other general policies in place." *Id.* at 1189. However, Tobias's only evidence of deliberate indifference is Tobias's objection to the hearing on due process grounds both before it took place and before the RAC appeal. That, without more, does not

3

establish a pattern of violations which might put the City on notice of an inadequate policy that was substantially certain to result in deprivations of constitutional rights. *See Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002) (per curium); *Oviatt v. Pearce*, 954 F.2d 1470, 1477–78 (9th Cir. 1992).

Accordingly, the district court did not err in finding insufficient evidence of deliberate indifference and granting summary judgment in favor of the City.

**AFFIRMED**.